UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Ashutosh Kumar, individually, and on behalf of all others similarly situated, | Civil Action No. 1:23-cv-8871 |
| Plaintiff, | **INDIVIDUAL, COLLECTIVE, AND CLASS ACTION CIVIL COMPLAINT** |
| -against- | |
| S & A STORES INC, Ronald Ades individually, Morris Ades individually, Louis Ades (dec., his heirs and assigns) individually, Isaac Kairey, individually, and Nadeem Choudhury individually | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

## INDIVIDUAL, CLASS, AND COLLECTIVE ACTION COMPLAINT

1.    Plaintiff Ashutosh Kumar, by his attorneys, Slater Slater Schulman LLP, complaining of Defendants S & A Stores Inc, Ronald Ades individually, Morris Ades individually, Louis Ades individually, Isaac Kairey induvidually, and Nadeem Choudhury individually, respectfully alleges, upon information and belief, the following:

## NATURE OF THE ACTION

2.    This is an action seeking payment of wages, including unpaid minimum wage and overtime which are due to Plaintiff Ashutosh Kumar and other similarly situated workers under federal, New York, and New Jersey law.

3.    At all times relevant to this litigation, Kumar and those similarly situated have worked for Defendants as stock boys.

4.    Defendants have failed to pay compensation owed to the Kumar and those similarly situated, in violation of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), New Jersey Wage Laws ("NJWHL"), Wage Theft Prevention Act (NY) ("WTPA"), split shift and spread of hours laws.

5.      Defendants have failed to pay the minimum wage owed to Kumar and those similarly situated under the FLSA, in violation of 29 U.S.C. § 206(a)(1)(C); under state law, including the laws of: New York, in violation of NYLL § 650 et seq., and the laws of New Jersey, in violation of N.J. Stat. Ann. § 34:11-56a4(a).

6.      Defendants have failed to pay overtime compensation owed to Kumar and those similarly situated for hours worked in excess of 40 per workweek, in violation of 29 U.S.C. § 207, under state law, including New York, in violation of 12 NYCRR § 142-2.2, and New Jersey at N.J. Stat. § 34:11-56a4.

7.      Defendants have failed to pay spread of hours pay owed to the Kumar and those similarly situated, as required by 12 N.Y.C.R.R. § 142-2.4, have failed to provide Kumar and those similarly situated with Wage Theft Prevention Act notifications and with the proper statements with every payment of wages, as required by NYLL § 195(1).

8.      Defendants have been unjustly enriched by the actions of Plaintiff and those similarly situated as they performed services working in good faith at all time for Defendants, Defendants accepted the services as performed, and Kumar and those similarly situated expected compensation as provided by law for the hours they worked and are able to adduce the value as missing wages with some reasonable multiplier until judgment.

9.      Defendants retaliated against Kumar for inquiring about proper wages by terminating his employment shortly thereafter, in violation of 29 U.S.C. § 215(a)(3).

10.     The putative Class is comprised of all persons who are or were employed by Defendants as "stock boys" or some similar title for non-management workers who did not serve as cashiers at any time within the past six years prior to the filing date of this action and did not receive all wages due and owing under federal and state law.

## JURISDICTION AND VENUE

11.    This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

12.    This Court has supplemental jurisdiction of the state law claims arising under the NYLL and NJWHL pursuant to 28 U.S.C. § 1367, in that the New York and New Jersey state law claims are so closely related to Kumar's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

13.    Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants are at home and conduct a significant amount of business within this judicial district.

## PARTIES

14.    Plaintiff Kumar Ashutosh was and still is a resident of the County of Westchester, State of New York. Kumar worked for Defendants' company known as S & A STORES INC as a "stock boy" performing as a security guard and shelf stocker at various sites throughout New York state, including New York City and Westchester County, and in New Jersey in Passaic County from in or around September 2017 through September 2022.

15.    Defendant S & A STORES INC ("S&A") is a domestic corporation organized and existing by virtue of the laws of the State of New York with multiple locations throughout the state of New York and the state of New Jersey.

16.    S&A's registered address is 450 7th Avenue, Suite 701, New York, NY 10123, New York County.

17.    S&A is a company that operates retail packaged food stores throughout the State of New York, including locations in Westchester County and within the City of New York. S&A

additionally operates stores within the State of New Jersey. S&A has been in operation since 1961 and has employed hundreds of workers.

18. Defendant S & A employed and paid Kumar and similarly situated employees.

19. Owner Defendants Ronald Ades, Morris Ades, and Louis Ades (dec.) ("Owners") owned and operated S&A at all relevant times. Owners exercised operational control over S&A and had authority over management, supervision, and oversight of the S&A's affairs in general.

20. Defendant Isaac Kairey is listed as the CEO of S&A with the New York Secretary of State.

21. Defendant Nadeem Chaudhry individually managed or controlled operations at one or more locations of S&A.

22. At all relevant times, each of the Owners and Chaudhury maintained control, oversight, and authority over Kumar in the terms and conditions of Kumar's employment and payment of wages and were Kumar's employer as defined under the FLSA, NYLL, WTPA, and NJWHL.

23. Kumar is a covered employee within the meaning of the FLSA, NYLL, WTPA, and NJWHL.

24. Upon information and belief, Defendant Louis Ades (dec.) was a resident of the state of Florida. The location of his heirs and assigns are unknown.

25. Upon information and belief, Defendant Morris Ades is a resident of the state of Florida.

26. Upon information and belief, Defendant Ronald Ades is a resident of the state of Florida.

27. Upon information and belief, Defendant Isaac Kairey is a resident of the state of New Jersey.

28. Upon information and belief, Defendant Nadeem Choudhury is a resident of the state of New York.

29. Defendants are covered employers within the meaning of the FLSA, NYLL, and NJWHL, and, at all relevant times, employed Kumar.

## FACTUAL ALLEGATIONS – PLAINTIFF ASHUTOSH KUMAR

30.    Kumar worked for Defendants from in or around September 2017 through September of 2022.

31.    Kumar's job title was "stock boy".

32.    Kumar's work duties as a "stock boy" were to provide store security and stock shelves, primarily in Westchester County, New York. Kumar also worked in New York City and in the State of New Jersey.

33.    Defendant Nadeem Chaudhry hired Kumar, designated Kumar's work assignments, schedules, hours, and Kumar's hourly rates of pay.

34.    During his employment, Kumar was paid a fixed salary for all hours worked, despite his duties as a security guard and store stocker meeting no federal or state exemption. His regular schedule was always over 50 hours per week during his tenure with the Defendants, but Defendants failed to pay any overtime premiums or minimum wage for all hours due and owing.

35.    Kumar worked a minimum regular schedule. His minimum hours are easily reconstructed throughout his employment.

36.    Kumar was assigned additional hours on an ad-hoc basis. Light discovery will reveal the existence of any Defendant records to recreate any additional hours of work due and owing. Kumar is also able to reconstruct ad-hoc hours.

37.    Defendants did not use a timeclock. Instead, Chaudhury would call every S&A store in the morning from his cellphone. He would write down the attendance of all "managers", "assistant managers", and "stock boys" on a sheet of white paper.

38.    Using the relevant minimum wage of Westchester County, New York for a rudimentary damage model, Kumar was paid a weekly fixed amount of:

- $583 for a minimum of 61 hours per week in 2017 and 2018,

    i.  an effective rate of $9.56 per hour when the minimum wage was $10 per hour;

- $641 for a minimum of 58 hours per week in 2019,
  - i. an effective rate of $9.55 per hour when the minimum wage was $11 per hour;
- $670 for a minimum of 55 hours per week in 2020,
  - i. an effective rate of $12.18 when the minimum wage was $13 per hour;
- $670 for a minimum of 55 hours per week January through April of 2021,
  - i. an effective rate of $12.18 per hour when the minimum wage was $15 per hour;
- $700 for a minimum of 55 hours from May until December 31, 2021,
  - i. an effective rate of $12.73 per hour when the minimum wage was $15 per hour; and
- $758 for a minimum of 52 hours per week in 2021,
  - i. an effective rate of $14.58 per hour when the minimum wage was $15 per hour.

| Date | Hours Per Week | Weeks Worked | Fixed Pay Per Week | Minimum Wage | Effective Hourly Rate | Minimum pay by law for | Difference per week | Annualized |
|------|------|------|------|------|------|------|------|------|
| 2017 | 61 | 12 | $583.00 | $10.00 | $9.56 | $715.00 | $132.00 | $1,584.00 |
| 2018 | 61 | 52 | $583.00 | $11.00 | $9.56 | $786.50 | $203.50 | $10,582.00 |
| 2019 | 58 | 52 | $641.00 | $12.00 | $11.05 | $804.00 | $163.00 | $8,476.00 |
| 2020 | 55 | 52 | $670.00 | $13.00 | $12.18 | $812.50 | $142.50 | $7,410.00 |
| Jan-Mar 2021 | 55 | 18 | $670.00 | $15.00 | $12.18 | $937.50 | $267.50 | $4,815.00 |
| Apr-Dec 2021 | 55 | 34 | $700.00 | $15.00 | $12.73 | $937.50 | $237.50 | $8,075.00 |
| 2022 | 52 | 38 | $758.00 | $15.00 | $14.58 | $870.00 | $112.00 | $4,256.00 |
| | | | | | | | Total | $45,198.00 |

*The above table is a model based only upon the minimum wage of Westchester County.*

39.    Kumar was paid at the foregoing hourly rates irrespective of the number of hours worked per week and was not paid overtime at one and one-half times Kumar's regular hourly rate for any of the hours Kumar worked in excess of forty (40) hours per week.

40.    The work performed by Kumar was non-exempt work, as that term is used and defined in the U.S. Department of Labor's (DOL) regulations promulgated under the FLSA, NYLL, and NJWHL. Kumar's duties meet no federal or state exemption from overtime or minimum wage.

41.    Kumar was entitled to be paid at least one and one-half of his regular rate of pay for each hour in excess of forty hours that Kumar worked in any workweek, under the FLSA, NYLL, and NJWHL.

42.    At no time during Kumar's employment was Kumar paid one and one-half times Kumar's regular hourly rate for any hours that Kumar worked in excess of forty per workweek, in violation of the FLSA, NYLL, and NJWHL.

43.    Kumar was entitled to be paid at least minimum wage for all hours worked, pursuant to the FLSA, NYLL, and NJWHL.

44.    Kumar's weekly fixed salary was below the minimum rate as set by the NYLL and NJWHL for his scheduled hours.

45.    Kumar regularly worked in various jurisdictions with particular wage laws, including differing minimum wages.

46.    Kumar's wages fell below the minimum rate as set by the FLSA from time to time.

47.    Kumar did not receive spread of hours or split shift pay, Defendants failed to keep time records, and Defendants failed to provide him with wage notices and wage statements.

48.    At all relevant times, Kumar was entitled to wage statements indicating the regular and overtime rate of pay; the basis of the rate of pay; the dates covered by the payment; the name, address and phone number of the employer; and itemized allowances and deductions.

49.    Kumar performed services working in good faith at all time for Defendants, who accepted the services he performed, for which he expected compensation, and for which he is able to adduce reasonable value.

50.    Upon information and belief, Defendants systematically utilized unlawful wage policies for a substantial number of non-exempt employees to circumvent the pay requirements of the FLSA, NYLL, and NJWHL, including other non-exempt employees than stock boys.

51. Kumar complained to management about not receiving proper wages in the summer of 2022 and was terminated shortly thereafter.

## INDIVIDUAL ALLEGATIONS

52. Kumar realleges and incorporates by reference the above paragraphs as if fully set forth herein.

53. Kumar complained to management of not receiving all wages due and owing in the summer of 2022. He was terminated shortly thereafter in an act of retaliation, in violation of 29 U.S.C. § 215(a)(3) and NYLL § 215(a)(1).

## COLLECTIVE ACTION ALLEGATIONS

54. Kumar realleges and incorporates by reference the above paragraphs as if fully set forth herein.

55. Kumar brings this action on behalf of himself and all other individuals who were or are employed by Defendants pursuant to 29 U.S.C. §216(b). Kumar and the similarly situated individuals were employed by Defendants within the meaning of the FLSA, as stock boy(s).

56. The proposed collective is defined as follows:

     a. All persons who worked for Defendants as stock boys or in other positions with similar job titles and/or duties at any time within three years prior to the commencement of this action ("Collective"), and who were not paid minimum wage and overtime under the FLSA.

57. As this case proceeds, it is expected that additional individuals will file consent forms and join as opt-in plaintiffs.

58. Defendants' failure to pay Kumar and the Collective members the minimum wage and overtime premiums, in addition to other pay violations, results from generally applicable policies and practices of Defendants, and does not depend on the personal circumstances of Kumar or Collective members.

59.     Kumar estimates the size of the Collective to be at least ten individuals. The precise size of the Collective can be ascertained from records of the Defendants.

60.     Defendants failed to pay Kumar and the Collective the minimum wage and overtime premiums.

61.     Defendants' conduct was widespread, repetitious, and consistent.

62.     Defendants' conduct was willful and in bad faith.

63.     Defendants failed to pay all overtime wages and minimum wages owed to employees other than those in the Collective, and Kumar reserves the right to broaden the definition of the collective group and/or add subgroups to this claim as additional members are discovered.

64.     Those similarly situated potential collective members are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## CLASS ACTION ALLEGATIONS

65.     Kumar realleges and incorporates by reference the above paragraphs as if fully set forth herein.

66.     Kumar brings his claims under the New York Labor Law and New Jersey Wage and Hour Law as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals who are current and former employees of Defendants since October 2017.

67.     The proposed Rule 23 Class is defined as:

    a.   All persons who worked for Defendant as stock boys or in other positions with similar job titles and/or duties at any time within 6 years prior to the commencement of this action (the "Class").

68.     The individuals in the proposed Class are so numerous that joinder of all members is impracticable. While the precise number of class members has not been determined at this

time, upon information and belief, Defendant has employed more than 10 individuals as stock boys during the class period.

69.    There are questions of law and fact common to the proposed Class, including but not limited to:

    a.    Whether Defendants failed and/or refused to pay minimum wages and overtime premiums to the proposed Class;

    b.    Whether these failures or refusals violated NYWL, NJWHL, and other wage related laws;

    c.    Whether these actions violated:

        i.    Overtime law under NYLL § 650 et seq., N.J. Stat. Ann. § 34:11-56a4(a);

        ii.    Minimum wage law under 12 NYCRR § 142-2.2 N.J. Stat. § 34:11-56a4; N.J. Admin. Code § 12:56-6.1.

        iii.    Notification laws under N.Y. Lab. Law § 195(3); N.Y. Comp. Codes R. & Regs. tit. 12, §§ 141-2.2, 142-2.7, 146-2.3.

        iv.    Split shift and spread of shift payments under N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4.

        v.    Principles of Equity in causing the unjust enrichment of Defendants.

    d.    Damages sustained by the members of the proposed Class will be measured by recreation of schedules, sworn recollection of class members, and internal Defendant documentation.

    e.    Defendants failed to provide Kumar and those similarly situated with pay notifications and statements, as required by state law.

70.    Kumar's claims are typical of those of the proposed Class.

71.  Kumar will fairly and adequately represent the interests of the Class and have retained counsel highly experienced in wage and hour and class action litigation.

72.  The questions of law and fact common to the Class predominate over any questions solely affecting individual members of the proposed Class.

73.  A class action is superior to other methods for fairly and efficiently adjudicating this dispute.

74.  Kumar brings this action as representatives of a class of all other persons similarly situated.

75.  Kumar adequately alleges claims of underpayment by Defendants pursuant to both New York and New Jersey wage laws. However, Kumar anticipates and advocates for the eventual creation of separate state subclasses pursuing symmetrical claims under New York and New Jersey law.

76.  Kumar seeks the certification of a class of all persons who, during the relevant time period of October 5, 2017 to the date of final judgment in this matter, have been employed by Defendants as stock boys or those with similar title and duties; were not paid overtime wages for hours worked in excess of forty hours per week; were not paid at least the minimum wage for all hours worked, and were not provided wage payment statements and annual hourly wage rate notifications (putative "S&A Class").

77.  Common questions of law and fact include, but are not limited to, the following:

     a.  Whether Defendants have consistently failed to pay Kumar and class members overtime wages at one and one-half times their regular rate of pay as required by the state wage laws;

     b.  Whether Defendants have consistently failed to pay minimum wage for all hours worked as required by the state wage laws;

c.   Whether Defendants have, in failing to make required payments to Kumar and others similarly situated, acted willfully and with the intent of depriving members of the class of such compensation;

d.   Whether Defendants have consistently failed to provide spread of hours pay;

e.   Whether Defendants have consistently failed to provide wage statements and notifications as required by the state wage laws; and

f.   Whether Defendants were unjustly enriched.

78.   Kumar's wage and hour claims and Defendants' anticipated affirmative defenses are typical of the claims of all class members and of Defendants' anticipated affirmative defenses.

79.   Kumar will fairly and adequately protect the interests of all class members in the prosecution of this action and in the administration of all matters relating to the claims of the class. Kumar is similarly situated with and has suffered similar injuries as the members of the class Kumar seeks to represent.

80.   Kumar has retained counsel capable of handling class action suits. Slater Slater Schulman LLP and attorneys Geoffrey Kalender and John Luke have extensive experience handling both class and collective action suits. Both attorneys are admitted in SDNY and the state of New York. John Luke Jr. is admitted to both the District and State of New Jersey. Neither Kumar nor Kumar's counsel have an interest which is in conflict with the class, or which might cause them not to vigorously pursue this action.

## 1ST CAUSE OF ACTION
## (OVERTIME UNDER THE FLSA)

81.   Kumar re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

82.   Defendants are an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. § 203(s)(1).

83. Defendants suffered or permitted Kumar and all those similarly situated to work for them within the meaning of 29 U.S.C. § 203(g).

84. Defendants were required under the FLSA, 29 U.S.C. § 207(a), to pay Kumar and those similarly situated at a rate not less than one and one-half times Kumar's regular rate for all hours Kumar worked in excess of 40 in a workweek.

85. Between September 2017 and the present, Kumar regularly was scheduled and worked over 40 hours a week.

86. To date, Defendants have not paid Kumar and those similarly situated one and one-half times their regular rates for all hours worked in excess of 40 per week for weeks during the period between October 5, 2020 and the present, in violation of the FLSA, 29 U.S.C. § 207(a).

87. At times relevant to this litigation, Defendants, and each of them, acted willfully or with reckless disregard as to their obligation to pay one and one-half times Kumar's regular rate of pay for hours worked in excess of 40 per week, and, accordingly, the violation was willful for purposes of the FLSA, 29 U.S.C. §§ 255(a) and 260.

88. As a result of Defendants' unlawful conduct, Kumar has incurred a loss of overtime compensation in an amount to be determined at trial, along with liquidated damages of 100% of wages due, attorney's fees, and costs of litigation.

## 2ND CAUSE OF ACTION
## (MINIMUM WAGE UNDER THE FLSA)

89. Kumar re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

90. To date, Defendants have not paid Kumar and those similarly situated the FLSA minimum wage within the period between October 5, 2020 and the present.

91.　During workweeks within the period between October 5, 2020 and the present, Defendants paid Kumar and those similarly situated less than the minimum hourly wage of $7.25 per hour required under 29 U.S.C. § 206(a)(1) because the weekly pay Kumar and those similarly situated received when divided by hours worked at times fell below the required minimum hourly wage of $7.25 per hour.

92.　Defendants acted willfully or with reckless disregard as to their obligation to pay workers a minimum hourly wage, and, accordingly, the violation was willful for purposes of the Fair Labor Standards Act, 29 U.S.C. §§ 255(a) and 260.

93.　As a result of Defendants' unlawful conduct, Kumar and those similarly situated have incurred loss of wages in an amount to be determined at trial, along with liquidated damages of 100% of wages due, attorney's fees, and costs of litigation.

### 3RD CAUSE OF ACTION
### (OVERTIME UNDER NYLL)

94.　Kumar repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

95.　At all relevant times, Kumar and the putative Class: New York Subclass ("NYSub") were employees and Defendants were their employers within the meaning of NYLL §§ 190, 651 and 652.

96.　At all relevant times, Defendants were subject to the overtime wage requirements set forth in Article 19 of the NYLL.

97.　Pursuant to NYLL § 650 et seq. and 12 NYCRR 142-2.2, non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

98.    Defendants expected Kumar and the putative NYSub to work more than forty (40) hours a week, and Kumar and the putative NYSub regularly worked more than forty (40) hours a week throughout their employment.

99.    At no time have the Defendants paid Kumar and the putative NYSub Subclass a rate of one and one-half times their hourly rate of pay for all of the hours they worked in excess of forty (40) hours per week.

100.    Defendants willfully, knowingly, and intentionally did not compensate Kumar and the putative NYSub for overtime at a rate of one and one-half times their hourly rate of pay for all of the hours they worked in excess of forty (40) hours a week.

101.    As a result of Defendants' violations of the law and failure to pay Kumar and the putative NYSub required overtime wages, Kumar and the putative NYSub have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to NYLL § 198 and 12 NYCRR 142-2.2.

102.    As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Kumar and the putative NYSub was in compliance with the law, Kumar and the putative NYSub are entitled to additional liquidated damages equal to 100% of the total amount of wages due, pursuant to NYLL§ 198.

### 4TH CAUSE OF ACTION
### (OVERTIME UNDER THE NJWHL)

103.    Kumar repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

104.    At all relevant times, Kumar and the putative Class: New Jersey Subclass ("NJSub") were employees and Defendants were their employers within the meaning of New Jersey Wage and Hour Law, ("NJWHL") N.J.S.A. §§ 34:11-56a, et seq. At all relevant times, Defendants were subject to the overtime wage requirements set forth in the NJWHL.

105.  Pursuant to NJWHL, non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

106.  Defendants expected Kumar and the putative NJSub to work more than forty (40) hours a week, and Kumar and the putative NJSub regularly worked more than forty (40) hours a week throughout their employment.

107.  At no time have the Defendants paid Kumar and the putative NJSub a rate of one and one-half times their hourly rate of pay for all of the hours they worked in excess of forty (40) hours per week.

108.  Defendants willfully, knowingly, and intentionally did not compensate Kumar and the putative NJSub for overtime at a rate of one and one-half times their hourly rate of pay for all of the hours they worked in excess of forty hours a week.

109.  As a result of Defendants' violations of the law and failure to pay Kumar and the putative NJSub required overtime wages, Kumar and the putative NJSub have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to NJWHL.

110.  As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Kumar and the putative NJSub was in compliance with the law, Kumar and the putative NJSub are entitled to additional liquidated damages equal to 100% of the total amount of wages due, pursuant to NJWHL.

## 5TH CAUSE OF ACTION
## (MINIMUM WAGE UNDER THE NYLL)

111.  Kumar repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

112.    At all relevant times, Kumar and the putative NYSub were employees and Defendants were their employers within the meaning of NYLL §§ 190, 651 and 652.

113.    At all relevant times, Defendants were subject to the minimum wage requirements set forth in Article 19 of the NYLL.

114.    Pursuant to NYLL § 650 *et seq.*, non-exempt employees are required to be paid minimum wage for all hours worked.

115.    Defendants expected Kumar and the putative NYSub to work for a weekly fixed amount of pay such that Kumar and the putative NYSub regularly worked for a wage below the statutory minimum for all hours worked.

116.    Defendants willfully, knowingly, and intentionally did not compensate Kumar and the putative NYSub for all hours worked at a rate equal to the minimum wage.

117.    As a result of Defendants' violations of the law and failure to pay Kumar and the putative NYSub required minimum wages, Kumar and the putative NYSub have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to NYLL § 198 and 12 NYCRR 142-2.2.

118.    As Defendants did not have a good faith basis to believe that their failure to pay minimum wages to Kumar and the putative NYSub was in compliance with the law, Kumar and the putative NYSub are entitled to additional liquidated damages equal to 100% of the total amount of wages due, pursuant to NYLL § 198.

### 6TH CAUSE OF ACTION
### (MINIMUM WAGE UNDER THE NJWHL)

119.    Kumar repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

120.    At all relevant times, Kumar and the putative NJSub, were employees and Defendants were their employers within the meaning of NJWHL.

121.    At all relevant times, Defendants were subject to the minimum wage requirements set forth in NJWHL.

122.    Pursuant to NJWHL non-exempt employees are required to be paid minimum wage for all hours worked.

123.    Defendants expected Kumar and the putative NJSub to work for a weekly fixed amount of pay such that Kumar and the putative NJSub regularly worked for a wage below the statutory minimum for all hours worked.

124.    Defendants willfully, knowingly, and intentionally did not compensate Kumar and the putative NJSub for all hours worked at a rate equal to the minimum wage.

125.    As a result of Defendants' violations of the law and failure to pay Kumar and the putative NJSub required minimum wages, Kumar and the putative NJSub have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to NJWHL.

126.    As Defendants did not have a good faith basis to believe that their failure to pay minimum wages to Kumar and the putative NJSub was in compliance with the law, Kumar and the putative NJSub are entitled to additional liquidated damages equal to 100% of the total amount of wages due, pursuant to NJWHL.

### 7TH CAUSE OF ACTION
### (WAGE PAYMENT STATEMENTS UNDER THE NYLL)

127.    Kumar repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

128.    At all relevant times, Defendants failed to provide Kumar and the putative NYSub with the proper statements with every payment of wages, as required by NYLL § 195(3).

129.    As Defendants failed to provide Kumar and the putative NYSub with proper statements with every payment of wages as required by NYLL § 195(1), Kumar and the putative NYSub are

entitled to liquidated damages in the amount of $50.00 per day for every work week in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

## 8TH CAUSE OF ACTION
## (WAGE THEFT PREVENTION ACT NOTIFICATION UNDER THE NYLL)

130. Kumar repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

131. Defendants were obligated to provide Kumar and the putative NYSub with Wage Theft Prevention Act notification of Kumar and the putative NYSub's pay rate upon the commencement of employment and annually thereafter.

132. At all relevant times, Defendants failed to provide Kumar and the putative NYSub with Wage Theft Prevention Act notifications, as required by NYLL § 195(1).

133. As Defendants failed to provide Kumar and the putative NYSub with proper Wage Theft Prevention Act Notice upon the commencement of employment and annually thereafter as required by NYLL § 195, Kumar and the putative NYSub are entitled to liquidated damages in the amount of $50.00 per week, up to a maximum of $2,500.00, along with all reasonable attorneys' fees and costs.

## 9TH CAUSE OF ACTION
## (SPLIT SHIFT AND SPREAD OF HOURS PAY)

134. Kumar repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

135. Defendants were obligated to provide Kumar and the putative NYSub with split shift and spread of hours pay on each day on with qualifying split shifts or on which the spread of hours worked, as defined by the length of the interval between the beginning and end of an employee's workday, exceeds 10.

136.    At all relevant times, Defendants failed to provide Kumar and the putative NYSub with split shift and spread of hours pay, as required by 12 N.Y.C.R.R. § 142-2.4.

137.    As Defendants failed to provide Kumar and the putative NYSub with proper split shift and spread of hours pay, Kumar and the putative NYSub are entitled to liquidated damages in the amount of $50.00 per week, up to a maximum of $2,500.00, along with all reasonable attorneys' fees and costs.

## 10TH CAUSE OF ACTION
## (QUANTUM MERUIT UNDER THE COMMON LAW)

138.    Kumar repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

139.    Kumar and the putative Class performed services working in good faith at all time for Defendants.

140.    Defendants accepted the services they performed.

141.    Kumar and the putative class expected compensation as provided by law for the hours he worked.

142.    Kumar and the putative class adduce reasonable value for their services per the Table (*supra*), to be adjusted to include reasonable value of services per local law, shifts worked, and to be adjusted to include the time-value of any funds and other relevant multipliers as allowed, as Kumar and the putative class have been inequitably deprived of the use of all funds and their proceeds due to the unlawful business practices of Defendants.

## 11TH CAUSE OF ACTION (ALLEGED INDIVIDUALLY)
## (RETALIATION UNDER THE FLSA)

143.    Kumar repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

144.     Kumar complained about incorrect wages to Defendants in the summer of 2022, less than 2 months before he was terminated.

145.     Kumar left for vacation thereafter. When he returned from vacation, he was no longer on the schedule and Defendants refused to put him on the schedule.

146.     Defendants told Kumar they decided to hire a replacement for him after his return, but when Kumar had viewed the schedule, he had seen that Defendants hired his replacement once he left for vacation.

147.     Kumar's termination was in violation of FLSA retaliation laws at U.S.C. 29 U.S.C. § 215(a)(3).

148.     As a result of Defendants' violations of the law Kumar has been damaged and is entitled to recover from Defendants compensatory and punitive damages, along with all reasonable attorneys' fees, interest, and costs.

## 12TH CAUSE OF ACTION (ALLEGED INDIVIDUALLY) (RETALIATION UNDER THE NYLL)

149.     Kumar repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

150.     Kumar complained about incorrect wages to Defendants in the summer of 2022, less than 2 months before he was terminated.

151.     Kumar left for vacation thereafter. When he returned from vacation, he was no longer on the schedule and Defendants refused to put him on the schedule.

152.     Defendants told Kumar they decided to hire a replacement for him after his return, but when Kumar had viewed the schedule, he had seen that Defendants hired his replacement once he left for vacation.

153.     Kumar's termination was in violation of NYLL retaliation laws at NYLL § 215(a)(1).

154.    As a result of Defendants' violations of the law Kumar has been damaged and is entitled to recover from Defendants compensatory and punitive damages, along with all reasonable attorneys' fees, interest, and costs.

**WHEREFORE**, Kumar, on his own behalf and on behalf of all others similarly situated, seek the following relief:

A.    On the First Cause of Action against Defendants for all overtime wages due under the FLSA, an additional award of 100% of all wages, along with all reasonable attorneys' fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

B.    On the Second Cause of Action against Defendants for all minimum wages due under FLSA, an additional award of 100% of all wages, along with all reasonable attorneys' fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

C.    On the Third Cause of Action against Defendants for all overtime wages due under NYLL, an additional award of 100% of all wages, along with all reasonable attorneys' fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

D.    On the Fourth Cause of Action against Defendants for all overtime wages due under NJWHL, an additional award of 100% of all wages, along with all reasonable attorneys' fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

E.    On the Fifth Cause of Action against Defendants for all minimum wages due under NYLL, an additional award of 100% of all wages, along with all reasonable attorneys' fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

F.    On the Sixth Cause of Action aga against Defendants for all minimum wages due under NJWHL, an additional award of 100% of all wages, along with all reasonable attorneys' fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

G.      On the Seventh Cause of Action for all wage payment statements due under NYLL, an additional award of liquidated damages in the amount of $50.00 per day for every work week in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs;

H.      On the Eighth Cause of Action against Defendants for failing to provide proper annual Wage Theft Prevention Act notifications, liquidated damages in the amount of $50.00 per week, up to a maximum of $2,500.00, along with all reasonable attorneys' fees and costs;

I.      On the Nineth Cause of Action against Defendants for failing to provide spread of hours pay liquidated damages in the amount of $50.00 per week, up to a maximum of $2,500.00, along with all reasonable attorneys' fees and costs;

J.      On the Tenth Cause of Action against Defendants, unjust enrichment under the common law, seeking equitable relief as outlined above;

K.      On the Eleventh Cause of Action against Defendants, Kumar *individually* alleges retaliation under the FLSA, seeking back wages, compensatory damages, and punitive damages, along with all reasonable attorneys' fees and costs;

L.      On the Twelfth Cause of Action against Defendants, Kumar *individually* alleges retaliation under the NYLL, seeking back wages, compensatory damages, and punitive damages, along with all reasonable attorneys' fees and costs.

M.      Attorney Fees;

N.      Interest;

O.      Costs and disbursements; and

P.      Such other and further relief as is just and proper.


Respectfully submitted,

23

SLATER SLATER SCHULMAN LLP

Geoffrey A. Kalender
John C. Luke, Jr.
*Attorneys for Kumar*
*and all of those similarly situated*
488 Madison Ave, 21st Floor
New York, NY 10020
212.922.0906

## <u>DEMAND TO PRESERVE EVIDENCE</u>

Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Kumar ' employment, cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, computer databases, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.