UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ASHUTOSH KUMAR, *and all those similarly situated*,

            Plaintiff,

– against –

S & A STORES INC, RONALD ADES, MORRIS ADES, LOUIS ADES (deceased, his heirs and assigns), ISAAC KAIREY, *and* NADEEM CHOUDHURY,

            Defendants.

**OPINION & ORDER**

23-cv-8871 (ER)

RAMOS, D.J.:

    Ashutosh Kumar brought this putative class action against defendants S & A Stores Inc, Ronald Ades, Morris Ades, Louis Ades, Isaac Kairey, and Nadeem Choudhury ("Defendants") on October 10, 2023. Doc. 1. Kumar alleged violations of the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), the New York Wage Theft Prevention Act ("WTPA"), and the New Jersey Wage Law ("NJWHL"). *Id.* ¶¶ 9–14. Kumar claimed that Defendants failed to pay him the lawful minimum wage, overtime compensation, sperad of hours pay, and failed to provide him with proper wage statements. *Id.* He also claimed that Defendants were unjustly enriched and retaliated against him. *Id.* Before the Court is the parties' motion for the approval of their settlement agreement ("Agreement"). Doc. 16. For the following reasons, the motion for settlement approval is DENIED without prejudice.

**I.   LEGAL STANDARD**

    In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor ("DOL"). *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v.*

*Ronirubinov*, No. 15-cv-1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015) (citation omitted).  In determining whether the proposed settlement is fair and reasonable, "a court should consider the totality of circumstances, including, but not limited to, the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion."

*Fisher v. SD Protection Inc.,* 948 F.3d 593, 600 (2d Cir. 2020) (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).

Additionally, factors that would preclude approval include the presence of an overly broad release that waives claims beyond those related to wage-and-hour issues, *Zekanovic v. Augies Prime Cut of Westchester, Inc.*, No. 19-cv-8216 (KMK), 2020 WL 5894603, at *4 (S.D.N.Y. Oct. 5, 2020), a non-disparagement provision that prevents a plaintiff from making truthful statements about her experience litigating the case, *Weng v. T&W Rest., Inc.,* No. 15-cv-8167 (PAE) (BCM), 2016 WL 3566849, at *4–5 (S.D.N.Y. June 22, 2016); *Lopez v. Nights of Cabiria*, LLC, 96 F. Supp. 3d 170, 180 & n.65 (S.D.N.Y 2015), a confidentiality clause that has the same effect, and a provision barring a plaintiff from future employment with the defendant.  *See Cheeks*, 796 F.3d at 206; *Zekanovic,* No. 19-cv-8216 (KMK), 2020 WL 5894603, at *4.  Currently, the Court cannot approve the Agreement for two reaons.

First, the Agreement lacks information necessary for the court to conduct its review pursuant to *Cheeks*.  The proposed settlement agreement provides a total recovery of $77,500.  Doc. 16 at 1.  Pursuant to the agreement, Kumar's counsel will receive approximately 34.6% of the total settlement amount, namely, $26,849.55 for attorneys' fees and $787, for costs.  *Id.* at 1, 2.  After attorneys' fees and costs, Kumar will receive

2

$49,863.45.  *Id.*  However, Kumar has not provided the Court with estimates regarding his maximum potential recovery were he to previal on all the issues at trial.  *See generally* Doc. 16.  Therefore, the Court does not have information sufficient for its review at this stage.  *See Lopez*, 96 F. Supp. 3d at 176 ("At minimum, the Court requires ... the bases of the estimates of plaintiffs' maximum possible recovery...."); *see also Cheeks*, 796 F.3d at 201; *Khan v. Young Adult Institute, Inc.*, No. 18-cv-2824 (HBP), 2018 WL 6250658, at *2 (S.D.N.Y. Nov. 29, 2018) (collecting cases wherein the reasonableness of FLSA settlements is determined by comparing the settlement amount to a plaintiff's maximum recovery).

Additionally, the agreement contains an objectionable non-disparagement provision, that the Court cannot approve.  Doc. 16-1 at 6; *see also Doe v. Solera Capital LLC*, No. 18-cv-1769 (ER), 2021 WL 568806, at *1 (S.D.N.Y. Jan. 20, 2021).  Paragraph 6 of the proposed settlement agreement provides that "[p]laintiff agrees to refrain from any untruthful disparagement, defamation, and/or slander of Defendants. Plaintiff also agrees to refrain from tortious interference with the contracts or relationships of Defendants" Doc. 16-1 at 6.  First, Courts have held one-sided non-disparagment provisions, such as that here, to be objectionable.  *Macuku v. Mill-Run Tours, Inc.,* No. 21-cv-2505 (OTW), 2022 WL 1831168, at *3 (S.D.N.Y. June 3, 2022).  Additionally, while non-disparagement clauses may be included in settlements of FLSA claims, it is well-settled that such clauses must contain a carve-out for truthful statements by plaintiffs and defendants about their experiences litigating the case.  *See, e.g., Pena v. Top Concourse Electronics, Inc.,* No. 20-cv-1015 (JLC), 2020 WL 6590713, at *1 (S.D.N.Y. Nov. 10, 2020) (mutual non-disparagement provision must include carve-outs for truthfulness); *Ramos Pelico v. PGNV, LLC*, No. 18-cv-9761 (PAC), 2019 WL 2710176, at *3 (S.D.N.Y. June 28, 2019) (approving mutual non-disparagement clause with carve-out that it "shall not apply to truthful statements made by any of the parties regarding their experiences in the Litigation and/or the underlying facts of any claim or defense")

3

(quotation marks omitted); *Cortes v. New Creators, Inc.*, No. 15-cv-5680 (PAE), 2016 WL 3455383, at *4 (S.D.N.Y. June 20, 2016). Therefore, the Court cannot approve the non-disparagement provision because it is not mutual and lacks the inclusion of an appropriate carve-out for truthful statements.

Accordingly, the Court DENIES the parties' settlement agreement because the Court cannot determine the possible range of recovery were he to prevail on all of the issues at trial and because the settlement agreement includes an objectionable non-disparagement provision.

## II. CONCLUSION

For the reasons stated above, the request for settlement approval is DENIED without prejudice.

The parties are therefore instructed to do one the following by September 27, 2024:

- Submit (1) a revised motion for settlement approval to the Court that provides sufficient information regarding Kumar's maximum potential recovery so that the Court can assess whether the settlement amount is fair and reasonable; and (2) a revised proposed settlement agreement that includes an appropriate non-disparagement provision, or removes the non-disparagement provision entirely; or
- Stipulate to dismissal of the case without prejudice, which the Court need not approve under current Second Circuit case law. *See Cheeks*, 796 F.3d at 201 n.2.

It is SO ORDERED.

Dated: September 6, 2024
       New York, New York

EDGARDO RAMOS, U.S.D.J.

4