

January 31, 2025

**<u>VIA ECF</u>**
Hon. Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square,
Room 2202
New York, NY 10007

      Re:    Kumar v. S & A Stores, Inc. et al
             23-cv-08871-(ER)

Dear Judge Ramos:

      We represent Plaintiff Ashutosh Kumar ("Plaintiff") in the above referenced matter. Please allow this joint correspondence to serve as an explanation of the settlement terms pursuant to the Fair Labor Standards Act (FLSA) and the Second Circuit's decision in Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 2066 (2nd Cir. 2015). Attached is the settlement agreement, to which both Plaintiff and Defendants agreed (collectively, the "Parties") following private negotiations. ("Settlement Agreement," annexed hereto as Exhibit "A").

      I.    Introduction

      Plaintiff Kumar commenced this action on or about October 10, 2023, alleging that he was not paid overtime premiums, minimum wage for the hours he worked, that he was not provided proper wage payment statements in violation of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), New Jersey Wage Laws ("NJWHL"), Wage Theft Prevention Act (NY) ("WTPA"), split shift and spread of hours laws. Defendants contest Plaintiff's allegations and maintain that he was compensated properly. During the course of settlement negotiations, Plaintiff asserted various theories of liability based upon demonstrations of the hours worked by Plaintiff during the pertinent years of employment. In an effort to reach a compromise and to avoid the risk, expense and burden of continued litigation, the Parties reached a settlement of all individual claims asserted in the pending action, as well as any and all other wage claims Plaintiffs could have asserted against Defendants.

      Defendants have agreed to settle Plaintiff's claims for a total of Seventy-Seven Thousand Five Hundred Dollars ($77,500.00) ("Settlement Amount"). Of this amount, Defendants have



agreed to pay Plaintiff and Plaintiffs' counsel Twenty-Six Thousand Four Hundred Ninety-Two Dollars ($26,492.00) ($25,885.00 attorney's fees and $607 expenses) which amounts to one-third of the Settlement Amount.

    II.       The Proposed Settlement Agreement Should Be Approved

The parties respectfully submit that the Court should approve the settlement because it is a fair, reasonable, and appropriate resolution of their bona fide dispute regarding whether Plaintiff worked any unpaid overtime hours. The settlement will also allow the parties to avoid the expense and delay that would accompany prolonged litigation.

The parties' settlement agreement contains a release of Plaintiff's FLSA claims, and the dismissal with prejudice of Plaintiff's NYLL claims will also operate as a judgment of his duplicative FLSA claims. In this Court, an FLSA claim may be dismissed with prejudice only after the Court has reviewed and approved the settlement. Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015). "[B]efore a district court enters judgment [on an FLSA settlement agreement], it must scrutinize the settlement agreement to determine that the settlement is fair and reasonable." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). "The ultimate question is whether the proposed settlement reflects a fair and reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." Id.

To determine whether a settlement is fair and reasonable, a court considers the totality of the circumstances, encompassing a range of factors including: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." Id.; see also Beckert v. Rubinov, No. 15–cv–1951, 2015 WL 6503832, at *1 (S.D.N.Y., Oct. 27, 2015). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (internal quotation marks and citation omitted).

Here, the parties dispute (1) whether Plaintiff was not compensated for his alleged overtime hours, and (2) whether proper wage statements were provided to Plaintiff with each pay period. The parties' settlement is a fair and reasonable compromise of those disputed issues.



Although the settlement amount, when accounting for liquidated damages and attorneys' fees, is less than the maximum amount Plaintiff claims is owed to him, Plaintiff's time records reflect far less time worked than Plaintiff's alleged fifty-one (51) average hours per work week. This settlement is a fair reflection of the litigation risks and defenses to this case, including the evidence that (1) any inaccuracies in Plaintiff's time records were due to his own deliberate failure to accurately report the time he worked; and (2) Plaintiff never complained to anyone at his former employer that he had worked unpaid overtime. See, e.g., Seever v. Carrols Corp., 528 F. Supp. 2d 159, 170 (W.D.N.Y. 2007) (plaintiff who fails to report time worked must provide specific facts establishing when and how long he performed off-the-clock tasks); Hinterberger v. Catholic Health Sys., 299 F.R.D. 22, 37 (W.D.N.Y. 2014) (where "employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation of the FLSA"). In addition, courts in the Second Circuit have repeatedly held that the NYLL spread-of hours provision applies solely to employees earning the minimum wage. See, e.g., Ellis v. Common Wealth Worldwide Chaueffuered Transp. Of N.Y., LLC, No. 10-1741, 2012 WL 1004848, at *1 (E.D.N.Y. Mar. 23, 2012) (Irizarry, J.) ("the strong weight of authority and the plain statutory language lead this court to the conclusion that an employer need only pay spread of hours wages to employees making minimum wage"); Jianmin Jin v. Shanghai Original, Inc., No. 16-5633, 2019 WL 3244187, at *5 (E.D.N.Y. July 19, 2019); Herrara v. 12 Water St. Gourmet Café, Ltd., No. 13-4370, 2016 WL 1274944, at *6 (S.D.N.Y. Feb 29. 2016), adopted by, 2016 WL 1268266 (S.D.N.Y. Mar. 31, 2016).

Plaintiff, who no longer works for Defendants, received no undue pressure to settle his claims. Cisneros v. Schnipper Rest. LLC, No. 13-cv-6266, 2014 WL 67235, at *1 (S.D.N.Y., Jan. 8, 2014) (concerns about coercion "not as relevant when the plaintiffs no longer work for the defendant"). The settlement is the product of arm's-length negotiations between counsel, including the exchange of relevant records and analysis of those records, which took place over several months and during which Plaintiff was able to consult his counsel. See Santos & Quintana v. El Tepeyac Butcher Shop, Case No. 15-cv-4259, 2015 WL 9077172, at *1 (S.D.N.Y., Dec. 15, 2015) (settlement of less than amount Plaintiff claimed was a reasonable compromise because it was the product of arm's-length negotiations and reflected outstanding disputes as to the length of Plaintiffs' employments and number of hours they worked). Settlement of this matter will allow the parties to avoid the expenses of litigation, and dismissal of this matter will not prejudice any other parties.

III.     Plaintiffs' Attorneys' Fees

In approving an FLSA settlement, the Court should also consider whether the amount of fees in the settlement is reasonable. See Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199,



206 (2d Cir. 2015) (noting that excessive fee requests of 40 to 43.6% of the award can be a basis for denying approval of an FLSA settlement). By statute under the FLSA, New York Labor Law, and NJWHL, Plaintiff is entitled to recover reasonable attorney's fees with respect to his wage claims. In this matter, Defendants have agreed to pay Plaintiff's counsel the amount of one-third of the Settlement Amount, exclusive of costs and expenses associated with the Action. Plaintiff's counsel represented Plaintiffs on a one-third contingency basis and assumed the risk of receiving payment only if the case was successful. While § 29 U.S.C. § 216(b) provides for fee-shifting if the plaintiff is the prevailing party, contingency fee agreements are common and are routinely approved in the Second Circuit in FLSA cases, as the plaintiffs' counsel assumes all of the risk in pursuing these cases. See, e.g., Xiao v. Grand Sichuan Int'l St. Marks, Inc., 2016 U.S. Dist. Lexis 99669 (approving 33% contingent fee of total recovery, including backpay, liquidated damages and fees); Sewell v. Bovis Lend Lease LMB, Inc., 2012 U.S. Dist. LEXIS 53556 (S.D.N.Y. Apr. 16, 2012) (approving 33% contingent fee); Johnson v. Brennan, 2011 U.S. Dist. Lexis 105755 at *39 (S.D.N.Y. Sept. 11, 2011) (same); Prasker v. Asia Five Eight LLC, 2010 U.S. Dist. Lexis 1445 at *6 (S.D.N.Y. Jan. 6, 2010) (same with fee award of $1,050,000); Mohney v. Shelly's Prime Steak, 2009 U.S. Dist. Lexis 27899 at *5 (S.D.N.Y. Mar. 31, 2009) (same with fee award of $3,265,000).

The Second Circuit favors the use of the contingent percentage of fund method to compensate attorneys in overtime wage and hour actions. See, e.g., McDaniel v. County of Schenectady, 396 F.3d 95 (2d Cir. 2005). "Courts in the Southern District of New York have repeatedly explained that "In wage and hour class action lawsuits, public policy favors a common fund attorney's fee award." Deleon v. Wells Fargo Bank, N.A., 2015 U.S. Dist. Lexis 65261 at *5 (S.D.N.Y. 2015); Johnson, 2011 U.S. Dist. Lexis 105775 at *39. The Court's reasoning is simple: "[T]he percentage method directly aligns the interests of the class and its counsel and provides a powerful incentive for the efficient prosecution and early resolution of litigation." Monserrate v. Tequipment, Inc., 2012 U.S. Dist. Lexis 164265 at *3 (E.D.N.Y. Nov. 16, 2012). That incentive is the implicit possibility that plaintiffs' counsel will fail to make any recovery of their fees. Butt v. Megabus Ne. LLC, 2012 U.S. Dist. Lexis 137683 at *22 (S.D.N.Y. Sep. 25, 2012) ("Class Counsel risked time and effort and advanced costs and expenses, with no ultimate guarantee of compensation. A percentage-of-recovery fee award of 33.3% is consistent with the Second Circuit's decision in Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany, where the Court held that a 'presumptively reasonable fee" takes into account what a "reasonable, paying client' would pay." Citing Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany, 493 F.3d 110, 111-12 (2d Cir. 2007) amended on other grounds by 522 F.3d 182 (2d Cir. 2008)). Furthermore, in Deleon, Judge Ellis explained that, "Attorneys who fill the private attorney general role must be adequately compensated for their efforts. If not, wage and hour abuses would go without remedy because attorneys would be unwilling to take on



the risk. Adequate compensation for attorneys who protect wage and hour rights furthers the remedial purposes of the FLSA and NYLL." Id. at *5, citing Goldberger v. Integrated Res. Inc., 209 F. 3d 43,51 (2d Cir. 2000) for commending the general 'sentiment in favor of providing lawyers with sufficient incentive to bring common fund cases that serve the public interest."

     Lastly, the Parties agree that the Settlement Agreement represents a reasonable compromise of all Parties' positions and the proposed settlement regarding attorneys' fees and expenses is also fair and reasonable, as Plaintiffs' counsel's own compensation does not adversely affect the extent of the relief obtained by Plaintiffs. See Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 336-337 (S.D.N.Y. 2012); Cisek v Natl. Surface Cleaning, Inc., 954 F. Supp. 110, 111 (S.D.N.Y. 1997) (finding that the sum sought by plaintiffs' counsel was reasonable, the settlement was untainted by conflict of interest, and there was no reason to conclude that plaintiffs' counsel benefited at the expense of their clients); Chapman-Green v. Icahn House West LLC, No. 11 Civ. 1190 (MHD), 2013 U.S. Dist. LEXIS 25671, 2013 WL 658245, at *2 (S.D.N.Y. Feb. 21,2013) (amount of fees "is of little consequence' when fees are consensual")(internal citation and quotation omitted); see also Mireku v. Red Vision Sys., Inc., 2013 U.S. Dist. LEXIS 172102 (S.D.N.Y. Dec. 6, 2013).

     Plaintiff's attorneys estimate that their fees in the case as they relate to Plaintiff's are at least $27,527.50, though the attorneys seek only $26,849.55, an amount not greater than 35% of the settlement amount.  Plaintiff's counsel did not incur substantial additional expenses as a result of Plaintiffs' participation in the lawsuit and seek basic expenses for filing the lawsuit in the amount of $607.00. Thus, Plaintiffs' counsel maintains that an award of $26, 849.55 in fees with expenses of $607.00 is fair and reasonable.

     Accordingly, the Parties respectfully request judicial approval of the Parties' proposed Settlement Agreement, and request to be allowed to submit the stipulation of dismissal annexed to the Settlement Agreement with prejudice consistent with the requirements of FRCP Rule 41(1) (a) (ii).

Respectfully submitted,

*John C. Luke, Jr.*
John C. Luke, Jr.
445 Broadhollow Road, Suite 419
Melville, NY 11747
*Attorneys for Plaintiff*

www.sssfirm.com

NEW YORK    CALIFORNIA    NEW JERSEY    PENNSYLVANIA    LOUISIANA    ARKANSAS    NEW MEXICO    NORTH CAROLINA

445 Broad Hollow Road, Suite 419, Melville, NY 11747 | 631.420.9300



cc: All Counsel of Record (VIA ECF)