UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ASHUTOSH KUMAR, *and all those similarly situated*,

                  Plaintiff,

– against –

S & A STORES INC, RONALD ADES, MORRIS ADES, LOUIS ADES (deceased, his heirs and assigns), ISAAC KAIREY, *and* NADEEM CHOUDHURY,

                  Defendants.

**OPINION & ORDER**

23-cv-8871 (ER)

Ramos, D.J.:

        Ashutosh Kumar brought this putative class action against defendants S & A Stores Inc, Ronald Ades, Morris Ades, Louis Ades, Isaac Kairey, and Nadeem Choudhury ("Defendants") on October 10, 2023. Doc. 1. Kumar alleged violations of the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), the New York Wage Theft Prevention Act ("WTPA"), and the New Jersey Wage Law ("NJWHL"). *Id.* ¶¶ 9–14. Kumar claimed that Defendants failed to pay him the lawful minimum wage, overtime compensation, spread of hours pay, and failed to provide him with proper wage statements. *Id.* He also claimed that Defendants were unjustly enriched and retaliated against him. *Id.* On May 2, 2024, the parties filed an initial proposed settlement agreement for the Court's approval, which was denied on September 6, 2024, because it did not provide estimates regarding Kumar's maximum potential recovery and included an objectionable non-disparagement provision. Docs. 15, 18. On Jaunary 31, 2025, the parties filed a second motion for settlement, which the Court denied on February 4, 2025, because it did not provide Kumar's estimated maximum possible recovery if he were to succeed at trial. Docs. 26, 27. Before the Court is the parties' third motion for approval

of their settlement agreement ("Agreement"). Doc. 29. For the following reasons, the motion for settlement approval is DENIED.

## I. LEGAL STANDARD

In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15-cv-1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015) (citation omitted). "In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Id.* (internal quotation marks and citation omitted).

Courts may reject a proposed FLSA settlement if the parties do not provide the basis for the recovery figure, if they fail to include documentation supporting the reasonableness of the attorney fees, or if the settlement agreement includes impermissible provisions such as restrictive confidentiality clauses or overbroad releases. *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–82 (S.D.N.Y. 2015), *cited with approval in Cheeks*, 796 F.3d at 205–06.

## II. DISCUSSION

### A. Range of Recovery

The proposed settlement agreement provides for a total recovery of $77,500.00. Doc. 29 at 1. Kumar's counsel will receive attorney fees of $25,885 and reimbursement of $607 in costs. *Id.* at 2. Kumar will receive $51,008. *Id.*

Kumar estimates that his maximum recovery in this case would be $136,689.9 in unpaid wages[1] and $91,126.6 in liquidated damages, for a total of $227,816.50. The proposed settlement amount that Kumar will receive thus represents approximately 34% of his maximum recovery.

The Court finds that the proposed amount is fair and reasonable. *See Khan v. Young Adult Inst., Inc.*, No. 18-cv-2824 (HBP), 2018 WL 6250658, at *2 (S.D.N.Y. Nov. 29, 2018) (collecting cases of reasonable FLSA settlements ranging from 25% to 40% of plaintiff's maximum recovery). The settlement will provide value insofar as it allows Kumar to receive payment without the risks and delays inherent in litigation. *See Animucka v. Singer*, No. 20-cv-7867 (ER), 2022 WL 16908279, at *2 (S.D.N.Y. Oct. 21, 2022). According to Kumar, there was evidence showing that (1) "any inaccuracies in [his] time records were due to his own deliberate failure to accurately report the time he worked"; and (2) "[he] never complained to anyone at his former employer that he had worked unpaid overtime." Doc. 29 at 3. "Furthermore, the adversarial nature of a litigated FLSA case is typically an adequate indicator of the fairness of the settlement, and '[i]f the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.'" *Palma Flores v. M Culinary Concepts, Inc.*, No. 19-cv-1229 (ER), 2019 WL 6683827, at *2 (S.D.N.Y. Dec. 6, 2019) (alteration in original) (citation omitted). Given the aforementioned risks and uncertainties of litigation, the settlement resolves *bona fide* disputes and reflects a reasonable compromise that fairly compensates Kumar. *See Garcia v. Good for Life by 81, Inc.*, No. 17-cv-7228 (BCM), 2018 WL 3559171, at *2 (S.D.N.Y. July 12, 2018) (concluding that settlement amount was a "reasonable compromise of disputed issues" (citation omitted)). And the settlement resulted from arm's length negotiations in which the parties were represented

---

[1] According to Kumar, this figure consists of his estimated $45,563.3 in unpaid wages, trebled pursuant to New York Labor Law § 194. Doc. 29 at 8.

3

by experienced labor and employment attorneys. Doc. 29 at 3. Accordingly, the Court finds that the proposed settlement amount is fair and reasonable.

### B. Attorney Fees & Costs

The Court further concludes that the proposed attorney fees and costs are reasonable. Kumar's counsel will receive $26,492 for fees and costs, which is about 34.2% of the total settlement. *Id.* at 2. The amount requested in attorney fees is $25,885, which is one-third of the net settlement amount after deducting litigation costs. *Id.* That percentage is reasonable, as "courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases." *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17-cv-3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019). Nonetheless, "courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Id.* "The lodestar amount is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Id.* (quoting *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11-cv-3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014)).

Kumar's counsel has submitted billing records for one attorney, Geoffrey Kalender, former counsel at Slater, Slater, and Schulman LLP, whose proposed rate is $385 per hour. Doc. 29-3 at 6.

The Court finds that Kalender's $385 per hour rate is reasonable. *See Rodriguez v. Caridad Sea Food Restaurant Corp.*, No. 21-cv-6849 (AS), 2024 WL 5168041, at *2 (S.D.N.Y. Dec. 19, 2024) (approving $450 hourly rate for Kalender); *See, e.g., Lopez v. Emerald Staffing, Inc.*, No. 18-cv-2788 (SLC), 2020 WL 915821, at *13 (S.D.N.Y. Feb. 26, 2020) (noting that, as of 2020, courts in this District generally awarded experienced wage-and-hour attorneys between $300 to $400 per hour); *Rodriguez v. 3551 Realty Co.*, No. 17-cv-6553 (WHP), 2017 WL 5054728, at *3 (S.D.N.Y. Nov. 2, 2017) (stating that although hourly rates of $450 for partners and $350 for associates were "somewhat higher than the presumptively reasonable rates in this District [in 2017], they are not

beyond the pale"). Kalender's hourly rate is commensurate with similarly experienced senior attorneys in the field.

Counsel's records indicate that Kalender spent a total of 83 billable hours on this matter at a $385 hourly rate. Doc. 29-3. Counsel's total lodestar, therefore, is $31,995. Counsel seeks a total of $25,885 in attorney fees and costs, $25,278 of which represents attorney fees. *Id.* The lodestar of $31,995, compared to the requested $25,278 of the settlement (net of costs) results in a lodestar multiplier (net of costs) of approximately 0.79. Courts in this District have recognized that "a multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." *Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014). Accordingly, the Court accepts the multiplier of 0.79 and concludes that the requested $25,885 in attorney fees and costs is reasonable under the circumstances.

### C. Other Provisions

However, the Court finds that there is a provision of the settlement agreement that cannot be deemed to be fair and reasonable. Specifically, the agreement now includes an objectionable release. *See* Doc. 29-2; *see also Doe v. Solera Capital LLC*, No. 18-cv-1769 (ER), 2021 WL 568806, at *1 (S.D.N.Y. Jan. 20, 2021) ("factors that preclude approval include the presence of an overly broad release that waives claims beyond those related to wage-and-hour issues").

With respect to Kumar's obligations under the agreement, the release improperly discharges claims outside of Kumar's wage-and-hour allegations. Doc. 29-2 at 1. Specifically, the Agreement includes a supplemental "Final Waiver and General Release," attached as Exhibit A, which is different from the waiver and release included in the initial version filed on May 2, 2024, Doc. 16-2. The current release waives any possible claims against the Defendants "arising out of and/or related to [Kumar's] *employment* with [Defendants] … "from the beginning of the world to the day of the date of the

5

[r]elease."[2] *Id.* Courts typically reject such broad releases. The parties have a right to enter into a settlement that waives only claims relating to the existing suit. *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015) ("[T]he [c]ourt will not countenance employers using FLSA settlements to erase all liability whatsoever in exchange for partial payment of wages allegedly required by statute. A release as broad as that in the proposed [a]greement "confers an uncompensated, unevaluated, and unfair benefit on the employer" and is "inequitable and unfair.").

Accordingly, the Court finds that the proposed release provision is not fair and reasonable.

### III.  CONCLUSION

For the foregoing reasons, the parties' request for approval of the Agreement is DENIED without prejudice. The parties are therefore instructed to do one of the following by May 12, 2025:

1. File a revised letter and signed agreement releasing Defendants of liability only from claims arising out of this action; or
2. Stipulate to dismissal of the case without prejudice, which the Court need not approve under current Second Circuit case law. *See Cheeks*, 796 F.3d at 201 n.2.

IT IS SO ORDERED.

Dated:  May 2, 2025
        New York, New York

_____
EDGARDO RAMOS, U.S.D.J.

---

[2] In the initial proposed settlement agreement, filed on May 2, 2024, the Final Waiver and General Release appropriately waived only Kumar's claims relating to his wage and hour claims. Doc. 16-2 at 1, 2. ("Kumar … releases and discharges [Defendants] … from all actions … which [Kumar may currently have against Defendants] … related to the Fair Labor Standards Act, New York Labor Law … and any other wage or hour related claims.").