UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ASHUTOSH KUMAR, *and all those*
*similarly situated*,

                              Plaintiff,

          – against –

S & A STORES INC, RONALD ADES,
MORRIS ADES, LOUIS ADES (deceased,
his heirs and assigns), ISAAC KAIREY,
*and* NADEEM CHOUDHURY,

                              Defendants.

**ORDER**

23-cv-8871 (ER)

RAMOS, D.J.:

          Ashutosh Kumar brought this putative class action against defendants S & A Stores Inc, Ronald Ades, Morris Ades, Louis Ades, Isaac Kairey, and Nadeem Choudhury ("Defendants") on October 10, 2023.  Doc. 1.  Kumar alleged violations of the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), the New York Wage Theft Prevention Act ("WTPA"), and the New Jersey Wage Law ("NJWHL").  *Id.* ¶¶ 9–14. Kumar claimed that Defendants failed to pay him the lawful minimum wage, overtime compensation, spread of hours pay, and failed to provide him with proper wage statements.  *Id.*  He also claimed that Defendants were unjustly enriched and retaliated against him.  *Id.*  On May 2, 2024, the parties filed an initial proposed settlement agreement for the Court's approval, which was denied on September 6, 2024, because it did not provide estimates regarding Kumar's maximum potential recovery and included an objectionable non-disparagement provision.  Docs. 15, 18.  On Jaunary 31, 2025, the parties filed a second motion for settlement, which the Court denied on February 4, 2025, because it did not provide Kumar's estimated maximum possible recovery if he were to succeed at trial.  Docs. 26, 27.  The parties filed thier third motion for approval of their settlement agreement on April 11, 2025, Doc. 29, which the Court denied on May 2, 2025

because the settlement agreement included a release that improperly discharged claims outside of Kumar's wage-and-hour allegations. Doc. 30 at 5.

The Court's Order dated May 2, 2025 instructed the parties to do one of the following by May 12, 2025:

1. File a revised letter and signed agreement releasing Defendants of liability only from claims arising out of this action; or

2. Stipulate to dismissal of the case without prejudice, which the Court need not approve under current Second Circuit case law. *See Cheeks*, 796 F.3d at 201 n.2.

Doc. 30 at 6. As of today, the parties have failed to do either. Accordingly, the parties are instructed to do one of the following:

1. File a revised letter and signed agreement releasing Defendants of liability only from claims arising out of this action by January 27, 2026; or

2. Appear for an in-person conference on February 3, 2026, at 11:00 a.m. in Courtroom 619 at the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, New York 10007.

IT IS SO ORDERED.

Dated:    January 13, 2026
          New York, New York

_____
          EDGARDO RAMOS, U.S.D.J.

2